

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2006

# USA v. Wingfield

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3792

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Wingfield" (2006). *2006 Decisions.* Paper 177.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/177

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 05-3792

————

UNITED STATES OF AMERICA

v.

RONALD LENWOOD WINGFIELD,

Appellant

————

Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. No. 04-cr-00096

District Judge: Honorable Arthur J. Schwab

————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2006

Before: SCIRICA, *Chief Judge*, BARRY and ALDISERT, *Circuit Judges*

(Filed: November 20, 2006)

————

OPINION OF THE COURT

————

ALDISERT, *Circuit Judge*

The District Court for the Western District of Pennsylvania sentenced Ronald

Lenwood Wingfield to 15 years' imprisonment for being a felon in possession of a firearm with an obliterated serial number. See 18 U.S.C. § 922(g). Wingfield now appeals his conviction and sentence. Specifically, Wingfield contends that (1) the District Court improperly determined that the search of his rental car, which uncovered the firearm in question, was consistent with the Fourth Amendment; (2) Congress exceeded its power under the Commerce Clause when it passed 18 U.S.C. § 922(g) (punishing felons in possession of firearms with obliterated serial numbers); and (3) the District Court erred in increasing his sentence under the Armed Career Criminal Act. We have jurisdiction to hear Wingfield's appeal under 28 U.S.C. § 1291. We conclude that Appellant's arguments lack merit and, accordingly, we will affirm the decision of the District Court.

I.

The parties are familiar with the facts and proceedings in the District Court, so we will only briefly revisit them here. Wingfield, on parole for a prior firearms charge, reported to the offices of the Pennsylvania Parole Board for a required urine test on February 10, 2004. Upon entering the office, Wingfield emptied his pockets and prepared to step through the Parole Board's metal detector. As Wingfield passed through the metal detector, State Parole Agent Tom Wolfe witnessed a cell phone clip dislodge from Appellant's belt and tumble to the floor. Agent Wolfe immediately suspected that Wingfield had committed a parole violation because individuals on supervised release are generally barred from using cell phones, pagers and beepers. Wolfe reviewed Wingfield's records and confirmed that his parole agreement prohibited the use of a mobile phone.

2

Wolfe then detained Wingfield and conducted a thorough investigation as to whether he possessed a cell phone. Agent Wolfe searched Wingfield and discovered an Enterprise Rent-a-Car key ring, which included the license plate number and description of a car. Thinking that Wingfield may have stashed the phone outside, Agent Wolfe located the car in the parking lot, searched the glove compartment and found a cell phone, a bag of marijuana, and a semiautomatic handgun with an obliterated serial number.

In the District Court proceedings, Wingfield moved to suppress the gun. After his motion was denied, Wingfield pleaded guilty, but preserved the right to appeal the denial of his motion to suppress and to challenge the constitutionality of 18 U.S.C. § 922(g). Wingfield, however, waived his right to appeal his sentence.

II.

The first issue Wingfield raises on appeal is whether the District Court correctly denied his motion to suppress. Specifically, Wingfield claims that his rights under the Fourth Amendment were violated when Wolfe detained him and searched his rental car. We examine the District Court's findings of facts for clear error and review its legal conclusions de novo. United States v. Lockett, 406 F.3d 207, 211 (3d Cir. 2005).

Ruling case law has described the contours of a parolee's expectation of privacy while on supervised release:

> The State has found the parolee guilty of a crime against the people. That finding justifies imposing extensive restrictions on the individual's liberty. Release of the parolee before the end of his prison sentence is made with the recognition that with many prisoners there is a risk that they will not be able to live in society without committing additional antisocial acts.

United States v. Hill, 967 F.2d 902, 909 (3d Cir. 1992) (quoting Morrissey v. Brewer, 408 U.S. 471, 483 (1972)). Put simply, this Court has decided that a parolee's expectation of privacy is less than an average citizen's. Id. at 910. With this principle in mind we have held that officers do not need probable cause to search an individual on supervision, rather, we require "no more than reasonable suspicion." United States v. Williams, 417 F.3d 373, 376 (3d Cir. 2005) (citing United States v. Knights, 534 U.S. 112, 121 (2001)). In deciding whether reasonable suspicion exists, "courts must look at the totality of circumstances of each case" and decide whether an officer had a particularized and objective basis for suspecting a violation of the law. United States v. Arvizu, 534 U.S. 266, 273 (2002) (citations omitted).

Applying this test to the facts at hand, we are satisfied that the District Court did not err in upholding the validity of the search. Agent Wolfe did not act on "hunch" alone. He observed that Wingfield wore an empty cell phone clip on his belt, and verified that Wingfield's parole prohibited him from carrying a portable phone. Based on these facts we find that Agent Wolfe reasonably suspected that Wingfield possessed a cell phone in violation of his parole. Accordingly, the resulting detention and search met constitutional requirements. See Hill, 967 F.3d at 909 (holding that it is reasonable to allow a parole officer to conduct a search whenever he reasonably believes that is necessary to perform his duties, as long as the search is based on specific facts). Put another way, we find it reasonable to suspect that a cowboy wearing a holster might have a gun up his sleeve.

III.

4

Wingfield also asks us to hold 18 U.S.C. § 922(g) (felon in possession of a firearm) unconstitutional. According to Appellant, Congress exceeded its power under the Commerce Clause when it decided to punish felons in possession of firearms. The difficulty with this point of view is that it completely ignores our holding in United States v. Singletary, 268 F.3d 196 (3d Cir. 2001) (upholding the constitutionality of 18 U.S.C. § 922(g) under the Commerce Clause). At this time, we have no authority or inclination to disturb the precedent established in Singletary. See Internal Operating Procedures of the United States Court of Appeals for the Third Circuit § 9.1 (2002) (stating that only an en banc panel should overrule the holding in a published opinion).

IV.

We next turn to Wingfield's claim that the District Court erred in sentencing him as an armed career criminal under 18 U.S.C. § 924(e). The Armed Career Criminal Act ["the Act"] often enhances the statutory minimum sentence for defendants who are convicted under 18 U.S.C. § 922(g) and have three prior convictions for violent felonies or serious drug offenses. Wingfield cites Apprendi v. New Jersey for the proposition that any fact which increases a penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466 (2000). He then argues that under the teachings of Apprendi the District Court could not increase his sentence under the Act because his previous convictions were not submitted to a jury and proven beyond a reasonable doubt. Even if we set aside Wingfield's agreement not to appeal his sentence, this claim has no merit and misstates the law.

5

In <u>Almendarez-Torres v. United States</u> the Supreme Court determined that the fact of prior convictions need not be alleged in the indictment or proved beyond a reasonable doubt to form the basis for a sentence enhancement. 523 U.S. 224 (1998). Despite Appellant's best attempts to muddy the waters, in <u>Apprendi</u> the Supreme Court specifically declined to overrule <u>Almendarez-Torres</u>, and the case remains good law. <u>See</u> 530 U.S. at 489-490. <u>See also</u> <u>United States v. Ordaz</u>, 398 F.3d 236, 240 (3d Cir. 2005) (holding that <u>Almendarez-Torres</u> rejected the argument that the fact of a prior conviction must be found by a jury). Accordingly, we affirm the sentence imposed by the District Court.

* * *

We have considered all contentions presented by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be affirmed.